# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| BERRIEN COUNTY, GEORGIA LOCAL BRANCH OF THE N.A.A.C.P. and DONALD HARRIS, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No. 7:94-CV-80 (HL) |
| BERRIEN COUNTY BOARD OF EDUCATION; GEORGE ROWAN; PENNY HOUSTON; ROBERT EARL GRIFFIN; RICKY TUCKER; RUDY HANCOCK; STEVE DIXON; BERRIEN COUNTY BOARD OF COMMISSIONERS AND BERRIEN COUNTY; MAYOR AND CITY COUNCIL OF NASHVILLE AND CITY OF NASHVILLE, GEORGIA, | : : : : : : : : : : : | |
| Defendants. | : | |

## SHOW CAUSE ORDER

This matter is before the Court on the Motion to Dissolve Consent Order (Doc. 106) (the "Motion") filed by the Berrien County Board of Education, George Rowan, Penny Houston, Robert Earl Griffin, Ricky Tucker, Rudy Hancock and Steve Dixon (the "Motion Defendants").

**I. Background**

On January 4, 1995, this Court entered a Consent Order which the parties negotiated and agreed to in order to resolve the Plaintiffs' discrimination lawsuit. The Consent Order sets out hiring and promotion

practices to be followed by the Defendants in order to address the Plaintiffs' allegations that the Defendants engaged in discriminatory hiring and promotion practices.

The Motion Defendants state that the parties "have operated under this Consent Order since the date of execution." The Motion Defendants ask for this court to dissolve the Consent Decree, pointing to the Paragraph 29 of the Consent Order.[1] Paragraph 29 states:

> Upon compliance with the terms of this Consent Order and attainment of the goals set for herein, or at any time after five (5) years subsequent to the date of entry of this order, whichever occurs first, these Defendants may move the Court, upon 60 days of notice to the Plaintiffs, for dissolution of this order.[2]

The Motion Defendants certify that they mailed notice of this Motion to the attorney for the Plaintiffs on November 17, 2009. Thus, it has been more than 60 days since notice was given to the Plaintiffs.

---

[1] The Motion Defendants mistakenly attached, rather than the Consent Order, the Consent Decree (Doc. 36) entered into by the parties on November 22, 1994. That document sets out the requirements for dissolving the Consent Decree in Paragraph 18. The requirements are different between the two documents, but the Consent Order (Doc. 38) is controlling.

[2] Paragraph 18 of the Consent Decree (Doc. 36) states:

> Upon compliance with the terms of this Decree and attainment of the goals set forth herein, or at any time after five (5) years subsequent to the date of entry of this order, whichever occurs first, each Defendant may move the Court, upon 60 days of notice to the Plaintiffs, <u>for dissolution of this order if it has met the long-term goals established in this order</u>. . . .

(emphasis added). The underlined clause is missing from the Consent Order, so the Motion Defendants here need not show that they have met the long-term goals of the Consent Order.

In a previous Order (Doc. 107), this Court provided the Plaintiffs until June 15, 2010 to show cause why the Consent Order should not be dissolved. The Plaintiffs did not respond to the Order. Thus, the Motion (Doc. 106) is granted, and the Consent Order (Doc. 38) is dissolved.

**SO ORDERED**, this the 21st day of June, 2010.

                                            **_s/ Hugh Lawson_**
                                            HUGH LAWSON, Senior Judge

jch